915106.6

WATANABE ING LLP
A Limited Liability Law Partnership

| | |
|---|---|
| MICHAEL C. BIRD | #5935 |
| SUMMER H. KAIAWE | #9599 |
| DAWN A. EGUSA | #9359 |

First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawai'i 96813
Telephone:  (808) 544-8300
Facsimile:  (808) 544-8399
E-mails:      mbird@wik.com
                  skaiawe@wik.com
                  degusa@wik.com

Attorneys for Plaintiff
**FIRST AMERICAN TITLE INSURANCE COMPANY**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GS INDUSTRIES, LLC, a Hawaii limited liability company,<br><br>Defendant. | CIVIL NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff FIRST AMERICAN TITLE INSURANCE COMPANY ("First American"), by and through its attorneys, WATANABE ING LLP, alleges and avers as follows:

## PARTIES

1. First American is a corporation incorporated under the laws of the State of Nebraska, with its principal place of business at 1 First American Way, Santa Ana, California 92707.

2. Defendant GS INDUSTRIES, LLC ("GS") is a Hawaii limited liability company with its principal place of business at 2849 Kaihikapu Street, Honolulu, Hawaii.

3. GS has only one member, A-1 Industries, Inc., which is a Hawaii corporation with its principal place of business at 2849 Kaihikapu Street, Honolulu, Hawaii.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

5. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for purposes of determining an actual controversy between the parties.

6. Venue in this district is proper under 28 U.S.C. § 1391 because the parties' dispute arose in the District of Hawaii.

## NATURE OF ACTION

7. This is an action by First American, a title insurance company, seeking a declaration of its rights and duties under a title insurance policy it issued to GS in connection with real property located in Honolulu, Hawaii. First American requests that this Court declare and adjudge that First American does not have a duty to defend, indemnify, or pay GS under the title insurance policy for any loss arising from the lack of vehicular access to and from the property.

## THE TITLE INSURANCE POLICY

8. On March 23, 2016, First American issued an Owner's Policy of Title Insurance to GS Industries, LLC (the "Policy"). The Policy is a 2006 Form ALTA Owner's Policy (06-17-06) (with Hawaii modification), number 5011415-17155 in the amount of $3,500,000.00 and names GS as the insured. A true and correct copy of the Policy is attached hereto as Exhibit "A".

9. The Policy insures the fee simple interest in the Land located at 620 Waipa Lane, Honolulu, Hawaii 96817, Tax Map Key (1) 1-7-032-017-000 (the "Property"), which is adjacent to Vineyard Boulevard.

10. The Policy defines "Land" as follows:

> The land described in Schedule A, and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes, ways, or waterways, but this does not modify or limit the extent that a right of access to and from the Land is insured by this policy.

11. The Policy covers the following risks:

**COVERED RISKS**

> SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B, AND THE CONDITIONS, FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska corporation (the "Company") insures as of Date of Policy and, to the extent stated in Covered Risks 9 and 10, after Date of Policy, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:
> . . . 4. No right of access to and from the Land.

12. The policy contains the following exclusions:

**EXCLUSIONS FROM COVERAGE**

> The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss

or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i)   the occupancy, use, or enjoyment of the Land;
   (ii)  the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv)  environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
   (b) Any governmental police power.  This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

   . . .

3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under the policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provide under Covered Risk 9 and 10); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

5

## THE UNDERLYING DISPUTE AND SUBMISSION OF GS'S CLAIM TO FIRST AMERICAN

13.  On October 22, 2019, GS tendered a claim to First American, claiming that there is no legal vehicular route of egress from the Property because Waipa Lane, the street that provides vehicular access to the Property from Vineyard Boulevard, is a one-way street, and the egress portion of Waipa Lane crosses over a part of privately owned property.

14.  GS's tenant at the Property, Cedar Assembly of God Church (the "Church"), had recently applied to the City and County of Honolulu, Department of Planning and Permitting ("DPP") for a permit to build transitional housing.

15.  DPP had denied the permit on several grounds, one of which was that the Church was required to show that it has a legal right to use the privately owned portion of Waipa Lane for vehicular exit to Vineyard Boulevard.

16.  To remedy the situation, GS proposed that it would purchase portions of Waipa Lane and, by e-mail dated October 22, 2019, tendered a claim to First American under the Policy, seeking confirmation from First American that it would reimburse GS for the purchase price and all closing costs, including title insurance.

17. By letters dated January 28, 2020, April 2, 2020, and August 4, 2020, First American disagreed that it had any obligation under the Policy to acquire, or reimburse GS for, interests in the privately owned portion of Waipa Lane, and denied GS' tender on the following grounds:

    a. Covered Risk 4 ("No right of access to and from the Land") does not apply because it does not include coverage for lack of *vehicular* access to and from the Property;

    b. GS has a right of access to and from the Property via the public and private portions of Waipa Lane;

    c. Waipa Lane is outside of the "Land" described in the Policy; and

    d. Even if Covered Risk 4 did apply, any loss arising out of the government's regulation of Waipa Lane as one way would be excluded from coverage pursuant to Exclusion 1(a)(i) and 1(b). Additionally, any loss arising from DPP's requirement that a legal right of vehicular access over the privately owned portion of Waipa Lane be shown in order for DPP to process a building permit application is excluded pursuant to Exclusion 1(a)(i).

18. By email dated January 14, 2021, DPP concluded that "DPP will accept that the privately owned portion of Waipa Lane is public and can be used by the public for egress to Vineyard Boulevard because it is maintained by the City."

Thus, DPP's ground for denial of the permit on the basis that the Church was required to show a legal right to use the privately owned portion of Waipa Lane for egress to Vineyard Boulevard was removed.

19. By letters dated January 26, 2021 and February 1, 2021, First American denied tender of GS's claim on the following additional grounds:

    a. Because DPP concluded that Waipa Lane is available for public use and that there is no longer any condition to the Church's application with DPP attributed to rights within Waipa Lane, there is "no loss or damage" to GS, and, therefore, GS's claim is expressly excluded from coverage under Exclusion 3(c).

    b. Because there is no adverse claim regarding GS's *present* use of the Property or Waipa Lane, any subsequent change to that use would bring GS's claim under Exclusion 3(d) for matters "attaching or created subsequent to Date of Policy."

## COUNT I
## DECLARATORY RELIEF BASED ON THE INSURING PROVISIONS OF THE POLICY

20. First American realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

21. There is a genuine dispute and an actual controversy between First American and GS regarding whether the lack of vehicular access to or from the

Property falls within the scope of Covered Risks set forth in the Policy and whether First American has a duty to indemnify GS for claims relating to the same.

22. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, First American requests that the Court declare the following:

    a. Any loss arising from the lack of vehicular access to or from the Property falls outside the scope of Covered Risks set forth in the Policy.

    b. First American has no duty to acquire or reimburse GS for interests in the privately owned portion of Waipa Lane or insure GS's interest in the privately owned portion of Waipa Lane under the Policy.

    c. First American has no duty to defend or prosecute any actions, pay, or otherwise settle claims relating to the lack of vehicular access to or from the Property.

    d. First American has not breached any provisions of the Policy.

    e. First American has acted in good faith and is not liable to GS for any damages.

## COUNT II
## DECLARATORY RELIEF BASED ON
## EXCLUSION FROM COVERAGE NO. 1

23. First American realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24. There is a genuine dispute and an actual controversy between First American and GS regarding whether the lack of vehicular access to or from the Property falls within Exclusion from Coverage No. 1 set forth in the Policy and whether First American has a duty to indemnify GS for the same.

25. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, First American requests that the Court declare the following:

    a. If it is determined that the lack of vehicular access to or from the Property falls within the scope of Covered Risks set forth in the Policy, then any loss arising from the lack of vehicular access to the Property falls within Exclusion from Coverage No. 1(a)(i) and 1(b), as set forth in the Policy.

    b. First American has no duty to acquire or reimburse GS for interests in the privately owned portion of Waipa Lane or insure GS's interest in the privately owned portion of Waipa Lane under the Policy.

    c. First American has no duty to defend or prosecute any actions, pay, or otherwise settle claims relating to the lack of vehicular access to or from the Property.

    d. First American has not breached any provisions of the Policy.

    e. First American has acted in good faith and is not liable to GS for any damages.

## COUNT III
## DECLARATORY RELIEF BASED ON
## EXCLUSION FROM COVERAGE NO. 3

26. First American realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. There is a genuine dispute and an actual controversy between First American and GS regarding whether the claim for lack of vehicular access to or from the Property falls within Exclusion from Coverage No. 3(c) and 3(d) set forth in the Policy and whether First American has a duty to indemnify GS for the same.

28. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, First American requests that the Court declare the following:

    a. If it is determined that the lack of vehicular access to or from the Property falls within the scope of Covered Risks set forth in the Policy, then the claim for lack of vehicular access to the Property falls within Exclusion from Coverage Nos. 3(c) set forth in the Policy given that no party is challenging GS's right of vehicular access over any portion of Waipa Lane, DPP has determined that Waipa Lane is available for public use, and finally, DPP has removed the permitting requirement regarding the privately owned portion of Waipa Lane. To the extent any adverse claim or loss arises from a lack of vehicular access to and from the Property after the Date of Policy, then Exclusion 3(d) is implicated.

  b. First American has no duty to acquire or reimburse GS for interests in the privately owned portion of Waipa Lane or insure GS's interest in the privately owned portion of Waipa Lane under the Policy.

  c. First American has no duty to defend or prosecute any actions, pay, or otherwise settle claims relating to the lack of vehicular access to or from the Property.

  d. First American has not breached any provisions of the Policy.

  e. First American has acted in good faith and is not liable to GS for any damages.

## COUNT IV
## DECLARATORY RELIEF BASED ON THE DEFINITION OF "LAND"

29. First American realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

30. There is a genuine dispute and an actual controversy between First American and GS regarding whether Waipa Lane falls within the definition of "Land" that is covered by the Policy and whether the Policy affords coverage for loss arising from a lack of interest in the privately owned portions of Waipa Lane or the governmental regulation of vehicular traffic on Waipa Lane.

31. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, First American requests that the Court declare the following:

      a.      Waipa Lane falls outside of the definition of "Land" that is covered by the Policy, and the Policy does not afford coverage for loss arising from a lack of interest in the privately owned portions of Waipa Lane or the governmental regulation of vehicular traffic on Waipa Lane.

      b.      First American has no duty to acquire or reimburse GS for interests in the privately owned portion of Waipa Lane or insure GS's interest in the privately owned portion of Waipa Lane under the Policy.

      c.      First American has no duty to defend or prosecute any actions, pay, or otherwise settle claims relating to the lack of vehicular access to or from the Property.

      d.      First American has not breached any provisions of the Policy.

      e.      First American has acted in good faith and is not liable to GS for any damages.

## COUNT V
## NO COVERAGE OBLIGATION

32.    First American realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

33.    An actual controversy of a justiciable nature exists between First American and GS, wherein First American contends that the Policy affords no coverage benefits or obligations to GS for any loss arising from the lack of a right of vehicular access to or from the Property.

34. On the basis of the foregoing, declaratory relief is necessary and proper to determine the rights, obligations, and liabilities, if any, which exist as to First American and GS under the Policy issued to GS.

WHEREFORE, First American prays for judgment in its favor and against GS as follows:

A. That a declaratory judgment be issued by this Court in favor of First American that there is no coverage under the Policy for any loss arising from the lack of a right of vehicular access to or from the Property, and that First American therefore does not have a duty to defend, indemnify, or otherwise pay GS for any claims relating to the lack of vehicular access to or from the Property;

B. That First American be entitled to such other and further relief as the Court deems just and proper under the circumstances of this case.

DATED: Honolulu, Hawaiʻi, February 8, 2021.

/s/ Michael C. Bird
MICHAEL C. BIRD
SUMMER H. KAIAWE
DAWN A. EGUSA
Attorneys for Plaintiff
**FIRST AMERICAN TITLE INSURANCE COMPANY**