IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GS INDUSTRIES, LLC,<br><br>Defendant. | Case No. 21-cv-00078-DKW-KJM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL** |

On December 16, 2021, the Court entered an Order denying Plaintiff First American Title Insurance Company's motion for summary judgment and granting Defendant GS Industries, LLC's motion for partial summary judgment ("Prior Order"). Dkt. No. 41. Among other things, the Court found that, as used in the insurance policy at issue here and under the facts of this case, the term "access" in the policy was ambiguous and must be therefore construed against the insurer to include vehicular access.

Dissatisfied with the Prior Order, which did not conclude the instant litigation between the parties, Plaintiff now moves to certify the Prior Order for interlocutory appeal, arguing that, pursuant to 28 U.S.C. Section 1292(b), the Court's ruling with respect to the term "access" was a "controlling question of

law," subject to "substantial ground for difference of opinion," and, if reversed on appeal, may "materially advance the ultimate termination" of this case.

At the very least, the Court disagrees with Plaintiff's argument that a controlling question of law is at issue here because interpretation of the term "access" in the insurance policy was not a pure question of law for purposes of Section 1292(b). Instead, as the Prior Order reflects, the Court's analysis involved the application of law to the facts of this case−something that is not amenable to interlocutory appeal. As a result, for the reasons more fully set forth below, the motion for interlocutory appeal, Dkt. No. 44, is DENIED.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. Section 1292(b), a district court may certify an interlocutory order for appeal when it finds that (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion" with respect to the controlling question of law; and (3) an "immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687-688 (9th Cir. 2011).

To be "controlling", a question of law must "materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020,

1026 (9th Cir. 1981). In addition, a "'question of law' means a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." *Marsall v. City of Portland*, 2004 WL 1774532, at *2 (D. Or. Aug. 9, 2004) (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674 (7th Cir. 2000)); *see also, e.g.*, *Baker v. Wehinger*, 2021 WL 3519918, at *1 (C.D. Cal. Apr. 27, 2021) (same).

## DISCUSSION[1]

The Court begins and ends with the first requirement under Section 1292(b): that there be a controlling question of law.[2] First American asserts that the controlling question of law here is whether the term "access" in the parties' insurance policy is ambiguous. Dkt. No. 44 at 11. While whether a contractual term is ambiguous may be a question of law, *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), here, for purposes of Section 1292(b), it is not a "pure" question of law because, as the Prior Order indicates, answering that question required application of the law to the facts of this case.

---

[1] The Court incorporates by reference herein the procedural and factual background set forth in the Prior Order. Dkt. No. 41 at 3-11.
[2] The Court, thus, need not (and does not) address any of Section 1292(b)'s other requirements.

As explained in the Prior Order, terms of a policy are interpreted according to their "plain, ordinary, and accepted sense in common speech…." Prior Order at 13, Dkt. No. 41; *see also Klamath Water*, 204 F.3d at 1210 (a contract's meaning "is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation."). Applying that law to the facts of this case, the Court then explained that the term "access" included vehicular access, in part because the property being insured was located "in central Honolulu, surrounded by roadways, and dependent on vehicular traffic…." Prior Order at 14. In other words, the "plain, ordinary, and accepted" meaning of access under the facts here meant the term included vehicular access. Furthermore, as explained in the Prior Order, First American's own argument, rather than demonstrating the absence of ambiguity in the term "access", instead, revealed its chameleon nature. *Id*. at 16 ("At best, this argument begs the question of what "access" the Policy insures−air, water, underground, vehicular. Each (and others) are all possibilities.").

In this light, the Court, therefore, does not find the interpretation of "access" in the Prior Order to be a pure question of law.[3]

---

[3] The question First American relies upon is also not a "controlling" question of law. Notably, even if the Court was to have found "access" to be unambiguous, that would not necessarily "materially affect the outcome of litigation in the district court." Instead, all it would mean is that the term would not have been construed against First American. That alone does not

## **CONCLUSION**

For the reasons set forth herein, the Court DENIES First American's motion for certification of an interlocutory appeal, Dkt. No. 44.

IT IS SO ORDERED.

DATED: February 7, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

materially affect the outcome of the Prior Order–particularly in light of the Court's findings therein about the plain, ordinary, and accepted meaning of access.