IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GS INDUSTRIES, LLC,<br><br>　　　　Defendant. | Case No. 21-cv-00078-DKW-KJM<br><br>**ORDER (1) OVERRULING OBJECTION TO DECISION OF MAGISTRATE JUDGE; AND (2) DENYING MOTION TO AMEND SCHEDULING ORDER**[1] |

The Court is presented, in various procedural forms, with attempts by Defendant GS Industries, LLC to amend the Federal Rule of Civil Procedure 16 Scheduling Order (Scheduling Order) in this case. Having reviewed the briefing and record, these attempts are rejected and/or denied. In each instance, GS seeks to correct an error of its own making: failing to provide evidence of a critical part of this insurance dispute, despite its own counterclaim that placed these very issues with respect to loss or damages at issue. As the Magistrate Judge observed, because these issues were clearly presented from the pleading stage of this case, GS has failed to show "good cause" to amend the Scheduling Order just weeks before trial and, therefore, its objection (Dkt. No. 71) is OVERRULED and its

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide these matters without a hearing.

1

motion to amend the Scheduling Order (Dkt. No. 81) is DENIED, as more fully explained below.

## **PROCEDURAL BACKGROUND**

On December 16, 2021, this Court entered an Order denying Plaintiff First American Title Insurance Company's motion for summary judgment and granting GS' motion for partial summary judgment (December 16, 2021 Order). Dkt. No. 41.[2] In doing so, the Court found, *inter alia*, that the term "access" in the Policy included vehicular access, the parties did not dispute that GS' vehicular access *from* the Property was compromised, and GS' insurance claim was not barred from coverage by Exclusions 1(a)(i) and 1(b) of the Policy. *Id*. at 13-16, 19. In addition, the Court found that, if the value of the Property diminished due to the lack of vehicular access from the Property, GS would be able to show a loss insured by the Policy. *Id*. at 17-18. The Court noted, however, that the evidence GS submitted to show that the value of the Property had diminished did no such thing. *Id*. at 18 n.14.

Subsequently, on January 5, 2022, GS filed its first motion to amend the Scheduling Order (first motion). Dkt. No. 48. Specifically, GS asked for the

---

[2]The Court incorporates herein by reference the procedural background set forth in the December 16, 2021 Order. *See* Dkt. No. 41 at 10-11. Further, to the extent not defined herein, capitalized terms have the meaning ascribed to them in the December 16, 2021 Order.

Scheduling Order to be amended in order for further discovery to be conducted on the issue of damages and, in particular, to allow GS' expert to "complete" his expert report. Dkt. No. 48-1 at 7-8, 11-12. GS presumably made this request because, pursuant to the Scheduling Order, the deadline for GS to produce expert reports expired on November 3, 2021. *See* Dkt. No. 18 at ¶ 11(b).

After the filing of an opposition, Dkt. No. 53, the Magistrate Judge denied the first motion (Magistrate Judge Order), Dkt. No. 56. Initially, the Magistrate Judge observed that, in order to succeed on such a motion, GS was required to show good cause for its proposed modification of the Scheduling Order, which "primarily considers the diligence of the party seeking the amendment." *Id*. at 2 (quotation omitted). The Magistrate Judge then found that GS had not acted diligently in providing expert disclosures on the issue of damages or in pursuing a counterclaim for breach of contract. *Id*. at 4-7.

On February 7, 2022, GS filed the instant objection to the Magistrate Judge Order. Dkt. No. 71. Specifically, GS objects to the "determination that GS'[] Counterclaim sought damages" and the determinations that GS did not act diligently. Dkt. No. 71-1 at 6, 8-25. First American has filed an opposition to the objection. Dkt. No. 84.

3

In addition to the first motion, GS has also filed a second motion to amend the Scheduling Order (second motion). Dkt. No. 81. On this occasion, GS seeks to have the Scheduling Order's dispositive motion deadline re-opened (Dkt. No. 81-1 at 5)–a deadline that also expired on November 3, 2021. *See* Dkt. No. 18 at ¶ 7. In particular, GS wishes to file a dispositive motion on whether its counterclaim "is a claim for damages…." Dkt. No. 81-1 at 5. GS has also filed an ex parte motion to shorten time to hear the second motion. Dkt. No. 82. No other briefing has been filed with respect to the second motion or the ex parte motion.

This Order now follows.

## **LEGAL STANDARD**

### **I.     Review of a Non-Dispositive Magistrate Judge Decision**

Pursuant to Federal Rule of Civil Procedure 72(a), a party may object to the decision of a Magistrate Judge on a pretrial matter not dispositive of a party's claim, such as a motion to amend a scheduling order. When this happens, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

## II.      Modifications to Scheduling Orders

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  As the Magistrate Judge explained, and GS does not dispute, in this context, "good cause" "primarily considers the diligence of the party seeking the amendment."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quotation omitted); Dkt. No. 56 at 2; Dkt. No. 71-1 at 7.  If a party is not diligent, "the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## DISCUSSION

As mentioned, GS objects to the Magistrate Judge's determinations that its counterclaim sought damages and that it did not act diligently in disclosing evidence relating to such damages.  Among other things, GS argues that the demand in its counterclaim for an order that First American "pay benefits" is not a request for damages, it did not request damages in its counterclaim, and, "after prevailing on its declaratory relief claim," it acted diligently in seeking to have the Scheduling Order amended.  Dkt. No. 71-1 at 9-25.  This Court disagrees, as did the Magistrate Judge, in all material respects.

First, in the context of the counterclaim in this case, GS made a request for damages in asking for benefits to be paid. While, in other contexts, the phrase "pay benefits" may not mean a request for damages, *all* of the cases GS cites for that proposition involved the duty to defend. *See* Dkt. No. 71-1 at 9-12, 21-23. This is not a duty to defend case. Rather, the allegations of the counterclaim reflect a concern for damages. GS alleged that its lack of vehicular access had caused it "loss and damage, as insured by [First American] pursuant to the terms of the Policy." Dkt. No. 9-1 at ¶ 38. GS further asked for a declaration that First American "must pay insurance benefits to GS to remedy the lack of a right of access to the Property." *Id.* at ¶ 46. GS also requested that First American "pay benefits to GS owed under the Policy up to the policy limits[.]" *Id.* at 11. The limit of the Policy is $3.5 million. Dkt. No. 9-4 at 8.[3] The natural reading of these allegations and/or demands is that GS sought, among other things, damages through its counterclaim. This is particularly so when the "alternatives" to paying benefits to which GS refers, *see* Dkt. No. 71-1 at 11 n.9, 24, such as "curing" the lack of vehicular access or instituting a legal action to get access, are nowhere alleged in the counterclaim. In this light, there is no doubt that GS' counterclaim

---

[3] In citing to the Policy, the Court cites the page numbers assigned by CM/ECF in the top right corner of the document, *i.e.*, "Page 8 of 43."

does not seek some "alternative" form of non-monetary relief to the exclusion of $3.5 million in damages.

Second, the Court agrees with the Magistrate Judge that GS has not acted diligently in this case. In order to be entitled to the relief GS sought, specifically, benefits up to the Policy limit of $3.5 million, GS, obviously, needed to present evidence that it had suffered a loss or damages of some specific amount. GS acknowledges that it has not done this to date. *See* Dkt. No. 48-1 at 7. Contrary to GS' protestations otherwise, there is no excuse for this. In particular, as the Magistrate Judge observed, it was GS that decided, in part, for strategic reasons, not to disclose evidence of its alleged damages and instead made the "unilateral[]" decision to "split-up" its expert report. *See* Dkt. No. 56 at 5. GS must, therefore, live with the consequences of its choices.

Finally, so the record is clear, at this point, GS has *not* "prevail[ed]" on its declaratory relief claim, as it apparently believes. *See* Dkt. No. 71-1 at 17. This is clear from the December 16, 2021 Order. Notably, therein, the Court found that, "*if* the value of the Property has diminished due to restrictions on vehicular egress that were never disclosed, then GS would be able to show a loss insured by the Policy." Dkt. No. 41 at 17 (emphasis added). The important word there, of course, is "if." As the Court went on to note, GS *failed* to show that the value of

7

the Property had diminished at all. *Id*. at 18 n.14. In other words, GS has so far failed to show that it has suffered any loss or damage from the Property's lack of vehicular access. This means that GS has not yet "prevail[ed]" on its declaratory relief claim because, under the Policy, coverage is excluded for any matter that results in "no loss or damage…." *See* Dkt. No. 9-4 at 4.[4] That issue remains subject to proof at the April 4, 2022 trial.

This leaves the second motion. As mentioned, therein, GS seeks to extend the deadline to file a dispositive motion related to whether its counterclaim is a claim for damages. Dkt. No. 81-1 at 5. That issue has now been decided. Further, it is absurd for GS to assert that, if the issue has been decided, it "will have been made without GS having an opportunity to provide full briefing and a reply on this issue." *Id*. at 5 n.4. On this procedural issue alone, GS has filed the first motion, the instant objection to the Magistrate Judge Order, and the second

---

[4]This is also another reason for rejecting GS' objection to the Magistrate Judge Order. Specifically, *even if* the Court were to accept GS' assertion that it did not seek damages in its counterclaim (which, as discussed, it did), GS would still not be entitled to amendment of the Scheduling Order because, through the first motion, GS is merely attempting to shore-up evidence on the issue of whether it has suffered *any* loss or damage. Notably, given that "no loss or damage" is an exclusion to coverage under the Policy, it cannot be disputed that, that issue has been present from the initiation of this lawsuit. In other words, under any interpretation, GS would not be entitled to payment of benefits if its insurance claim was excluded from coverage under the Policy. In the first motion, though, GS sought to "complete discovery" on "whether there was any loss or damage to GS…." Dkt. No. 48-1 at 7. However, GS has received more than enough time to complete discovery on that issue.

motion–65 pages of briefing all told.  That is substantially more than this Court's rules permit for a memorandum and reply in support of a dispositive motion.  GS has, therefore, had more than enough briefing opportunity to address this issue. As a result, the second motion is DENIED.  The ex parte motion to shorten time is DENIED AS MOOT.

## CONCLUSION

For the foregoing reasons, the objection to the Magistrate Judge Order (Dkt. No. 71) is OVERRULED, and the second motion (Dkt. No. 81) is DENIED.  The ex parte motion to shorten time (Dkt. No. 82) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: February 28, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*First American Title Insurance Company vs. GS Industries, LLC*; Civil No. 21-00078 DKW-KJM; **ORDER (1) OVERRULING OBJECTION TO DECISION OF MAGISTRATE JUDGE; AND (2) DENYING MOTION TO AMEND SCHEDULING ORDER**